| | | |
|---|---|---|
| JOSEPH HOWARD ORTKIESE, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 1:26-cv-63 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| CHARLIE SCHAERER, *et al.*, | ) | Magistrate Judge Dumitru |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion Requesting Injunctive Release [sic] [Doc. 8], Motion Entering Newly Discovered Evidence [Doc. 20], and Motion for Injunctive Relief [Doc. 28]. For the following reasons, the Motion Entering Newly Discovered Evidence [Doc. 20] is **GRANTED**, and the Motion Requesting Injunctive Release [Doc. 8] and the Motion for Injunctive Relief [Doc. 28] are **DENIED**.

### I. BACKGROUND

This case relates to a parcel of land located in Guild, Tennessee (the "Property"), which Plaintiff alleges a legal interest in. Plaintiff alleges that Defendants, since September 2001, have "sought to illegally deprive Plaintiff of his property, a 5-acre parcel of land located on Hales Bar Rd, Guild, TN described within the Deed of Trust last recorded Volume 288, page 443, Register's Office of Marion County, TN." [Doc. 7 at ¶ 6]. Specifically, Plaintiff alleges that Defendants Charlie Schaerer and Connie Schaerer (the "Schaerer Defendants") engaged in various improper actions concerning the Property, including an allegedly unlawful attempt to reclaim an easement, a purportedly improper 2005 sale of a driveway located on the Property that was later acquired by Defendant Dam Marina Inc., and a 2025 sale of another easement on the Property to Defendants Philip and Kassie McElhaney. [*Id.* at ¶¶ 6–12]. Plaintiff also seeks relief against Marion County,

1

Tennessee, and various city and county officials based on their "duplicity in assisting Defendant(s) Scharerer(s) in their theft of Plaintiff's land, and for the illegally conducted delinquent land tax sale." [*Id.* at ¶ 18].

On August 29, 2025, Plaintiff filed this pro se lawsuit, asserting that his federal, civil rights have been violated and seeking relief under 42 U.S.C. § 1983. [Doc. 1]. Thereafter, Plaintiff filed an Amended Complaint on September 29, 2025. [Doc. 7]. The original and amended complaints were filed in the U.S. District Court for the Middle District of Tennessee but were subsequently transferred to this Court on March 10, 2026. [Doc. 30]. Plaintiff has now filed two motions for injunctive relief, requesting the Court to prohibit Defendants from any "further malicious destruction" or "production of false land ownership documentation" regarding the Property. [Docs. 8 and 28].

## II. ANALYSIS

As a preliminary matter, Plaintiff does not explicitly state that he seeks a preliminary injunction in his Motions. [Docs. 8, 28]. He does, however, indicate that he seeks injunctive relief. *[Id.*]. "'Under Federal Rule of Civil Procedure 65, a party may seek injunctive relief if it believes it will suffer irreparable harm or injury during the pendency of the action.'" *DG Smoky, LLC v. Aunt Bug's Cabin Rentals, LLC*, No. 3:24-CV-364-TAV-JEM, 2024 U.S. Dist. LEXIS 207969, at *20 (E.D. Tenn. Oct. 4, 2024) (citation omitted). "'If a defendant is on notice . . . a request for a temporary restraining order may be treated as a motion for a preliminary injunction.'" *Id.* Plaintiff has attached a "Certificate of Service" to each of his Motions, certifying that he served all the Defendants by U.S. Mail. [Docs. 8, 28]. Considering the type of relief requested and the notice provided, the Court will construe Plaintiff's Motions [Docs. 8, 28] as ones for a preliminary

2

injection. *See, e.g.*, *Workman v. Bredesen*, 486 F.3d 896, 904–05 (6th Cir. 2007) (factors considering in determining whether a TRO or preliminary injunction should issue are the same).

In addition, Plaintiff has filed a Motion Entering Newly Discovered Evidence [Doc. 20], requesting that certain evidence "be included within the filings thus far." Because the Court may consider the entire record in deciding a motion for preliminary injunction, *see Memphis A. Phillip Randolph Inst. v. Hargett*, 485 F. Supp. 3d 1003, 1008 n.5 (M.D. Tenn. Sept. 28, 2020), the Court will **GRANT** the Motion [Doc. 20] and consider the evidence provided in the context of the preliminary injunction motions.

### A. Preliminary Injunction Standard

Generally, a preliminary injunction is issued to "protect plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the merits." Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2947 (3d ed.). When determining whether to issue a preliminary injunction, courts look to a four-pronged standard: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)); *see Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

Preliminary injunctions are "extraordinary and drastic remed[ies]" and are "never awarded as of right." *Munaf v. Green*, 553 U.S. 674, 690-91 (2008). Further, the four factors "are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Ne. Ohio Coal. For Homeless and Serv. Emps. Int'l Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (citing *Mich. Coal. Of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). Importantly, however, the likelihood of success on the merits is the most important factor in cases involving an alleged constitutional violation. *Detroit Will Breathe v. City of Detroit*, 484 F. Supp. 3d 511, 516 (E.D. Mich. Sept. 4, 2020) (citing *Obama for America v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012)). The burden is on the moving party to show they are entitled to an injunction, not on the party defending against it. *See* Fed. R. Civ. P. 65(b); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cty., etc.*, 415 U.S. 423, 442–43 (1974).

Applying the foregoing law to Plaintiff's Motion Requesting Injunctive Release [Doc. 8] and Motion for Injunctive Relief [Doc. 28], both must be denied.

Although Plaintiff has filed two separate motions requesting injunctive relief, they both ultimately request the same relief—namely, to prohibit Defendants from harming the Property any further. [Docs. 8, 28]. Plaintiff seemingly filed his second motion for injunctive relief [Doc. 28] because of a recently published plat depicting the Property, which he contends is the production of false land ownership documentation. [Doc. 28-1]. Because the relief requested in both Motions substantially overlaps and relies on the same underlying evidence, the Court will consider them together. In any event, Plaintiff has failed to demonstrate a likelihood of success on the merits.

To begin, Plaintiff's Amended Complaint is woefully deficient. Although a document filed pro se "is to be liberally construed" and held to "less stringent standards than formal pleadings

4

drafted by lawyers," it still must meet Rule 8's minimum pleading requirements. *Rodriguez v. United States*, No. 1:14-CV-02526, 2015 U.S. Dist. LEXIS 96092, at *4 (N.D. Ohio July 23, 2015) (citation omitted). A majority of Plaintiff's allegations are conclusory statements the Court need not accept. *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). For instance, Plaintiff alleges that he seeks "monetary compensation from Marion County, TN, based on the city and county officials' duplicity in assisting Defendant(s) Schaerer(s) in their theft of Plaintiff's land, and for the illegally conducted delinquent land tax sale." [Doc. 7 at ¶ 18]. Plaintiff does not specifically identify the unconstitutional acts that each Defendant performed. Moreover, Plaintiff fails to identify Defendants Dwight Minter, Page Mashburn, Darrell Pittman, Debbie Pittman, Diane Massengale, or Mark Raines by name in any paragraphs in the Amended Complaint. This type of group pleading has been commonly rejected by courts within the Sixth Circuit. *See Garton v. Crouch*, No. 3:21-cv-00338, U.S. Dist. LEXIS 15859, at *25 (E.D. Tenn. Jan. 28, 2022). Plaintiff does allege that Defendants Marion County, Tennessee, and William Gouger, Jr., "illegally" forced him to pay a delinquent land tax sale; however, Plaintiff's conclusory allegations do not provide any explanation for why this tax was unlawful or how Plaintiff's constitutional rights were violated. Based upon Plaintiff's conclusory allegations and the record as it currently stands, the Court cannot find that Plaintiff is likely to succeed on the merits against Defendants Marion County, Tennessee, William Gouger, Jr., Dwight Minter, Page Mashburn, Darrell Pittman, Debbie Pittman, Diane Massengale, or Mark Raines (collectively the "Marion County Defendants").

The crux of Plaintiff's Amended Complaint centers on the purportedly unlawful actions of the Schaerer Defendants. Based on the record before the Court, it is likely that Plaintiff's claims against the Schaerer Defendants are barred by the applicable statute of limitations. "Even though § 1983 claims arise under federal law, courts 'look[] to the law of the State in which the cause of

5

action arose' for the applicable statute of limitations. *Poupore v. Helfert*, No. 2:25-cv-95, 2025 U.S. Dist. LEXIS 232731, at *5–6 (W.D. Mich. Nov. 26, 2025) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). "Tennessee Code Annotated § 28-3-104(a)(3) provides that a civil action brought under the federal civil rights statutes must be filed within one year after the cause of action accrues. Thus, Tennessee has a one year statute of limitations for actions brought under federal civil rights statutes, including § 1983." *Powers v. Wallen*, No. 3:12-CV-96, 2013 U.S. Dist. LEXIS 45212, at *7 (E.D. Tenn. Mar. 29, 2013) (citation omitted). However, the date on which the statute of limitations runs in a § 1983 action is a question of federal law. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). "'[I]n determining when the cause of action accrues in section 1983 actions, [courts] have looked to what event should have alerted the typical lay person to protect his or her rights.'" *Id.* (citation omitted).

Here, Plaintiff's Amended Complaint makes abundantly clear that Defendants have sought to illegally deprive Plaintiff of the Property "since September 2001." [Doc. 7 at ¶ 6]. Plaintiff alleges that the Schaerer Defendants "nefariously inserted an illegal reservation" in the Real Estate Sales Agreement between the parties in 2001, which then precipitates the subsequent land sales to Defendants Dam Marina, Inc., Philip McElhaney, and Kassie McElhaney (collectively the "Buyer Defendants"). [*Id.* at ¶ 9]. Giving Plaintiff the benefit of the doubt and assuming that he could not reasonably have known of the "illegal reservation" clause, he would, at the very least, have been alerted to protect his rights in June of 2005 when the Schaerer Defendants sold a portion of Plaintiff's alleged Property. [*Id.* at ¶ 10]. Moreover, Plaintiff asserts that in July of 2005, the Schaerer Defendants enforced the reservation in the Real Estate Sales Agreement by "repossessing" land Plaintiff was unable to pay off. [*Id.* at ¶ 11]. It is difficult to imagine that a reasonable layperson would not have been prompted to protect his rights upon learning that a

6

portion of his property had allegedly been repossessed pursuant to what he believed was an unlawful reservation agreement. As to the Schearer Defendants, Plaintiff's claims likely began to accrue, at the latest, in 2005, clearly beyond the applicable statute of limitations period.

As to Plaintiff's allegations against the Buyer Defendants, it is unclear exactly what claims he is asserting against them. According to the Amended Complaint, the Buyer Defendants merely purchased some of Plaintiff's Property via an "illegal land sale." [Doc. 7 at ¶¶ 10–12]. There are no allegations that the Buyer Defendants knew they were purchasing stolen land or that they participated in any conspiracy to deprive Plaintiff of his land. And, even if such allegations existed, they would likely fail as § 1983 claims, as Plaintiff has not plausibly alleged that either the Schaerer Defendants or the Buyer Defendants acted under the color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.").

Therefore, based on the numerous deficiencies in Plaintiff's claims outlined above, the Court finds that it is unlikely that Plaintiff will succeed on the merits. "'Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal.'" *O'Toole v. O'Connor*, No. 2:15-cv-1446, 2015 U.S. Dist. LEXIS 71850, at *4 (S.D. Ohio June 3, 2025) (citing *Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000)). Based on that finding, the Court does not believe that Plaintiff will suffer irreparable harm absent an injunction. *Id.* at 22–23. Moreover, issuing an injunction under these circumstances would likely impose substantial harm on Defendants, as such an extraordinary remedy cannot rest on such deficient and conclusory allegations. Neither would such a remedy be in the best interests of the

7

public. Although the Court is mindful of Plaintiff's allegations and concerns regarding what he believes is his property, the Court cannot grant him the relief he seeks at this time.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion Entering Newly Discovered Evidence [Doc. 20] is **GRANTED**, and the Motion Requesting Injunctive Release [Doc. 8] and the Motion for Injunctive Relief [Doc. 28] are **DENIED**.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**