| | | |
|---|---|---|
| JOSEPH HOWARD ORTKIESE, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 1:26-cv-63 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| CHARLIE SCHAERER, *et al.,* | ) | Magistrate Judge Dumitru |
| | ) | |
| *Defendants.* | ) | |

## ORDER

On July 16, 2026, the Court entered a Memorandum and Order granting the motions to dismiss filed by the Marion County Defendants[1] and Defendant Mark Raines. [Doc. 76]. With all alleged state actors dismissed from this action, the Court ordered Plaintiff to show cause why his 42 U.S.C. § 1983 claims against Defendants Charlie Schaerer, Connie Schaerer, Philip McElhaney, Kassie McElhaney, and Dam Marina, Inc. (collectively, the "Remaining Defendants") should not be dismissed for failure to establish that they acted under the color of state law.[2] [*Id.* at 11–12].

---

[1] The "Marion County Defendants" consisted of Marion County, Tennessee, William Gouger, Jr, Page Mashburn, Darrell Pittman, Debbie Pittman, and Diane Massengale. All the Marion County Defendants were dismissed from this action. [*See* Doc. 76]. In addition, the Court also dismissed Plaintiff's claims against Defendant Joanie Spangler, the current Marion County Clerk, as redundant to his claims against Defendant Marion County. [*See id.* at 3–5].

[2] The Court based its Order to Show Cause in Federal Rule of Civil Procedure 56(f), which allows the Court to grant summary judgment on behalf of a nonmovant. Although discovery had not yet commenced, the Court elected to use Rule 56(f) to afford plaintiff a meaningful opportunity to explain why his § 1983 claims should proceed. Regardless of whether the Court's Order to Show Cause is framed in terms of Rule 56(f) and its requirement that a party show why summary judgment should not be granted against it or in terms of the Court's "responsibility and obligation" to *sua sponte* dismiss frivolous claims, *see Suarez Corp. v. CBS, Inc.*, No. 1:92CV0045, 1995 WL 907586, at *6 (N.D. Ohio July 18, 1995), *aff'd*, 100 F.3d 957 (6th Cir. 1996); *Leal v. United States*, 805 F.2d 1035 (6th Cir. 1986) (table) (affirming the *sua sponte* dismissal of claims "so lacking in merit as to not require further argument"), the result is the same. As described herein, Plaintiff has

Plaintiff timely filed his response on July 13, 2026. [Doc. 77]. Having considered Plaintiff's response, the Court finds that Plaintiff has failed to allege or produce sufficient facts to proceed with his § 1983 claims against the Remaining Defendants.

"Plaintiff bears the burden of proving that a private actor acted under the color of state law to be considered a state actor and held liable under § 1983." *Newport v. Tennessee*, No. 3:25-CV-499-CEA-JEM, 2026 U.S. Dist. LEXIS 99089, at *6 (E.D. Tenn. Apr. 14, 2026). "[A] private party may be liable under § 1983 if their conduct is fairly attributable to the state." *Dressler v. Rice*, 739 Fed. Appx. 814, 824 (6th Cir. 2018) (internal quotations and citation omitted). "There are three tests employed by the courts to determine whether the challenged conduct is fairly attributable to the state: (1) the public function test, (2) the state compulsion test and (3) the symbiotic relationship or nexus test." *Id.* "Generally, a private party's mere use of the State's dispute resolution machinery, without the overt, significant assistance of state officials, cannot [be considered state action]." *Tahfs v. Proctor*, 316 F.3d 584, 591 (6th Cir. 2003) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Here, it is readily apparent that neither the public function nor the state compulsion tests are applicable. As to the nexus test, Plaintiff has not alleged or identified any facts demonstrating that the Remaining Defendants acted in concert with the State or received significant assistance from state actors. *See Fisk v. Letterman*, 401 F. Supp. 2d 362, 377 (S.D.N.Y. 2005) ("Communications between a private and a state actor, without facts supporting a concerted effort or plan between the parties, are insufficient to make the private party a state actor."). Instead, Plaintiff contends that the Remaining Defendants "enlist[ed] county officials to partake in this

---

failed to introduce evidence or adequately allege that the Remaining Defendants qualify as state actors such that he can pursue § 1983 claims against them.

fraud" because the "clerks office officials and the attorney who represents Marion County have their signatures and official seals all over the contested documents/deeds this cause is premised on along with defendant Schaerers state issued surveyor seal." [Doc. 77 at 1–2]. But those general, nonspecific allegations do not transform private conduct into state action. As the Sixth Circuit has repeatedly held, "'utilization of public services by private actors does not convert private action to state action.'" *Dressler*, 739 Fed. Appx. at 824 (quoting *Lansing v. City of Memphis*, 202 F.3d 821, 831 (6th Cir. 2000)). Moreover, Plaintiff has not plausibly alleged that any state actors have "acted in a willful manner, culminating in an agreement, understanding, or meeting of the minds [with the Remaining Defendants], to violate his rights." *Blount v. Swiderski*, 2006 U.S. Dist. LEXIS 82889, 2006 WL 3314635, at \*18 (E.D.N.Y. Nov. 14, 2006).

Plaintiff's conclusory allegations, without any supporting facts, cannot support a finding that the Remaining Defendants are state actors for purposes of a § 1983 claim. *See Mitchell v. County of Nassau*, 786 F. Supp. 2d 545, 565 (E.D.N.Y. Mar. 24, 2011) (plaintiff's conclusory allegations not sufficient to support a finding that a private defendant was a state actor); *Tidik v. Ritsema*, 938 F. Supp. 416, 422 n.1 (E.D. Mich. July 12, 1996) (sua sponte dismissing § 1983 claims against private actor defendants).

In his response to the Court's July 16, 2026, Order, Plaintiff "invokes" 18 U.S.C. § 242 and the Due Process Clause of the Fourteenth Amendment "in response to this Court's wanting to dismiss this case prematurely." [Doc. 77 at 1]. First, Plaintiff has no private right of action under 18 U.S.C. § 242 because it is a criminal statute. *See United States v. Oguaju*, 76 Fed. Appx. 579, 581 (6th Cir. July 9, 2003). Second, the Court afforded Plaintiff notice and a reasonable opportunity to explain why his § 1983 claims against the Remaining Defendants should not be dismissed. [Doc. 76]. Due process guarantees a meaningful opportunity to be heard—not a favorable outcome.

*Anderson v. True*, No. 15-cv-11703, 2017 U.S. Dist. LEXIS 122255, at *3 (E.D. Mich. Aug. 3, 2017) ("The Local Rules and due process provide a meaningful opportunity to be heard, but do not guarantee a successful outcome." (internal citation omitted)). Plaintiff has been given that opportunity, and the fact that the Court is unpersuaded by his arguments does not mean he was denied due process.

Having considered Plaintiff's response and the record as a whole, the Court concludes that it is no longer open to discussion whether he has stated viable § 1983 claims against the Remaining Defendants. *See Ebbing v. Butler County*, No. 1:09-cv-39, 2009 U.S. Dist. LEXIS 125029, at *11 (S.D. Ohio 2009) ("However, a district court may dismiss an action sua sponte if the complaint is so 'implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction.'" (internal citation omitted)). Plaintiff states that he is "merely trying to-have adjudicated as wrong or illegal language within neighboring property owners' deeds that negatively effect [sic] the value, usefulness and sovereignty of an iconic piece of Marion County, TN land." [Doc. 64 at 2–3]. As the Court explained in its July 16, 2026, Order, Plaintiff's concerns regarding his property may be cognizable under state law, but they do not present a viable federal civil-rights claim.[3] The appropriate forum for such disputes is state court, not federal court.

Accordingly, based on the lack of supporting factual allegations, Plaintiff's § 1983 claims against the Remaining Defendants are **DISMISSED**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

---

[3] To the extent that Plaintiff has asserted any state law claims in this action, the Court declines to exercise jurisdiction over them pursuant to 28 U.S.C. § 1367(c)(2).

**SO ORDERED.**

/s/ Charles E. Atchley, Jr.
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**